UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-cv-14101-ROSENBERG/LYNCH

MARGARITO MERCADO, on his own behalf
and all other similarly situated,

      Plaintiffs,

v.

JOSEPH SNYDER and SEASIDE ROOFING, INC.,

      Defendants.

_____/

## ORDER DENYING MOTION TO APPROVE SETTLEMENT AGREEMENT

**THIS CAUSE** is before the Court on the Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice [DE 32]. The Court has carefully reviewed the Joint Motion and is otherwise fully advised in the premises. For the reasons set forth below, the Joint Motion is **DENIED** without prejudice.

On March 23, 2015, the named Plaintiff Margarito Mercado and two opt-in Plaintiffs filed this action for overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"). *See* DE 1. On October 21, 2015, the parties reached a settlement agreement at a conference before Magistrate Judge Frank J. Lynch, Jr. *See* DE 31. On November 12, 2015, the parties filed the present Joint Motion seeking approval of that settlement. *See* DE 32.

Because FLSA rights cannot be abridged by contract or otherwise waived, claims arising under the FLSA may be settled only with the approval of the Court or the Secretary of Labor. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In a suit brought by employees under the FLSA, the Court must determine whether a settlement proposed

1

by the employer and employees "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

In the instant case, the parties have failed to file a copy of the settlement agreement in the court record. They ask that the agreement "be provided to the Court separately, either via electronic mail or facsimile, so that said documents do not become part of the public record." DE 32 at 3. Although some courts have considered FLSA settlement agreements *in camera*, this Court now finds that the better practice, in light of the purpose and history of the FLSA, is to require that such agreements be filed in the public record. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245-46 (M.D. Fla. 2010) (finding that reviewing an FLSA settlement agreement *in camera* "thwarts Congress' intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace"); *see also Webb v. CVS Caremark Corp.*, No. 5:11–CV–106 (CAR), 2011 WL 6743284, *1-2 (M.D. Ga. Dec. 23, 2011) (denying motion to submit confidential FLSA settlement agreement under seal); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would

2

thwart the public's independent interest in assuring that employees' wages are fair[.]"). The Court therefore declines to approve the parties' settlement agreement via *in camera* review. The parties may file a renewed motion that attaches the settlement agreement, and the Court will review the settlement for fairness pursuant to *Lynn's Food*.

In the event the parties do so, the Court notes that the record does not contain a statement of claim[1] from Plaintiff, setting forth the amount of alleged unpaid overtime. Any renewed motion should address whether the compensation Plaintiffs will receive through the parties' settlement agreement represents the full amount Plaintiffs sought in this action, as well as the basis for the "bona fide dispute" between the parties. *See Dees*, 706 F. Supp. 2d at 1241 ("[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute. The parties' motion . . . must describe the nature of the dispute (for example, a disagreement over coverage, exemption, or computation of hours worked or rate of pay) resolved by the compromise."). Additionally, because the FLSA requires judicial review of the reasonableness of counsel's legal fees, any renewed motion should address what amount of the settlement represents legal fees, how such fees were calculated, and, if appropriate, an affidavit or time records from Plaintiffs' counsel. *See McHone*, 2010 WL 4625999, at *1.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice [DE 32] is **DENIED** without prejudice.

---

[1] *See generally Calderon v. Baker Concrete Constr., Inc.*, 771 F.3d 807, 809 (11th Cir. 2014) ("A statement of claim is a document, not mentioned in the Federal Rules of Civil Procedure, that the United States District Court for the Southern District of Florida uses as a matter of local practice to help its courts classify and manage the many FLSA cases filed there.").

2. On or before **Friday, December 18, 2015**, the parties may file a renewed joint motion and proposed settlement, attaching the settlement agreement and demonstrating the reasonableness of the settlement.

3. Failure to file a renewed joint motion and proposed settlement by December 18, 2015 may result in the entry of a final order of dismissal without prejudice without further notice.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 11th day of December, 2015.

Copies furnished to:                                  ROBIN L. ROSENBERG
Counsel of record                                     UNITED STATES DISTRICT JUDGE